Judge Richard A. Jones

FILED ____ ENTERED
____ LODGED ____ RECEIVED

APR 01 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-180 RAJ |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| DANIEL LEMAY RICE, | |
| Defendant. | |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Cecelia Gregson of the Western District of Washington and Daniel LeMay Rice and Daniel LeMay Rice's attorney Christopher Sanders enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

    a. Unlawful Possession of a Destructive Device, as charged in Count 1, in violation of Title 26, United States Code, Section 5861(d), 5845(a)(8).

Plea Agreement - 1
United States v. Daniel LeMay Rice, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

  a. The elements of Unlawful Possession of a Destructive Device, as charged in Count 1, are as follows:

First, the defendant knowingly possessed National Firearm Act firearm(s);

Second, the firearm(s) was an incendiary bomb, a type of destructive device;

Third, the defendant knew of the characteristics of the firearm, that is, that they were incendiary bombs, types of destructive devices;

Fourth, the firearm(s) was put in operating condition;

Fifth, the firearm(s) was not registered to the defendant in the National Firearms Registration and Transfer Record.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

  a. For the offense of Unlawful Possession of a Destructive Device, as charged in Count 1: A maximum term of imprisonment of up to ten (10) years, a period of supervision of up to three (3) years, a fine of up to $250,000, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 2
*United States v. Daniel LeMay Rice*, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 3
*United States v. Daniel LeMay Rice*, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

  6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar

Plea Agreement - 4
*United States v. Daniel LeMay Rice*, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

    a. On September 30, 2020, at approximately 4:00 a.m., brothers Daniel and Taylor LeMay Rice knowingly lite and threw four incendiary bomb destructive devices, specifically homemade Molotov cocktails, at a building located in Shoreline, Washington.

    b. The four Molotov cocktails struck the building's exterior, causing fire damage to the building and foliage surrounding the impacted areas. Neither Daniel nor Taylor LeMay Rice registered the Molotov cocktails they manufactured with the National Firearms Registration and Transfer Record. The attack was captured on video surveillance operated by the Bethany Community Church.

    c. Both Daniel and Taylor LeMay Rice stated they threw the Molotov cocktails at the building in retribution against the former owner of the business, whom

Plea Agreement - 5
*United States v. Daniel LeMay Rice*, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

they believed still owned the business. Specifically, the former owner had their vehicle towed from the parking lot, costing Taylor LeMay Rice money.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    Base offense level of eighteen, pursuant to USSG § 2K2.1; and

    b.    An additional two points for possession of a destructive device, pursuant to USSG § 2K2.1(b)(3)(B); and

    c.    An additional four points for possession of a destructive device in connection with a felony offense, pursuant to USSG § 2K2.1((b)(6)(B).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 6
*United States v. Daniel LeMay Rice*, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend no greater than eighteen (18) months imprisonment. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts including. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing

Plea Agreement - 7
United States v. Daniel LeMay Rice, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 assets that come to light only after the district court finds that the defendant is unable to
2 make immediate restitution.

3       b.    Defendant agrees to disclose all assets in which Defendant has any
4 interest or over which Defendant exercises control, directly or indirectly, including those
5 held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the
6 United States' investigation identifying all property in which Defendant has an interest
7 and with the United States' lawful efforts to enforce prompt payment of the financial
8 obligations to be imposed in connection with this prosecution. Defendant's cooperation
9 obligations are: (1) before sentencing, and no more than 30 days after executing this Plea
10 Agreement, truthfully and completely executing a Financial Disclosure Statement
11 provided by the United States Attorney's Office and signed under penalty of perjury
12 regarding Defendant's and Defendant's spouse's financial circumstances and producing
13 supporting documentation, including tax returns, as requested; (2) providing updates
14 with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within
15 seven days of the event giving rise to the changed circumstances; (3) authorizing the
16 United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)
17 providing waivers, consents or releases requested by the U.S. Attorney's Office to access
18 records to verify the financial information; (5) authorizing the U.S. Attorney's Office to
19 inspect and copy all financial documents and information held by the U.S. Probation
20 Office; (6) submitting to an interview regarding Defendant's Financial Statement and
21 supporting documents before sentencing (if requested by the United States Attorney's
22 Office), and fully and truthfully answering questions during such interview; and (7)
23 notifying the United States Attorney's Office before transferring any interest in property
24 owned directly or indirectly by Defendant, including any interest held or owned in any
25 other name, including all forms of business entities and trusts.

26       c.    The parties acknowledge that voluntary payment of restitution prior
27 to the adjudication of guilt is a factor the Court considers in determining whether
28 Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

Plea Agreement - 8
*United States v. Daniel LeMay Rice*, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services

Plea Agreement - 9
*United States v. Daniel LeMay Rice*, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

15. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

   a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in

Plea Agreement - 10
*United States v. Daniel LeMay Rice,* CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

Plea Agreement - 11
United States v. Daniel LeMay Rice, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 1st day of april, 2022.

_____
DANIEL LEMAY RICE
Defendant

_____
CHRISTOPHER SANDERS
Attorney for Defendant

_____
TODD L. GREENBERG
Assistant United States Attorney

_____
CECELIA GREGSON
Assistant United States Attorney

Plea Agreement - 12
United States v. Daniel LeMay Rice, CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970