The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL LEMAY RICE,<br><br>Defendant. | NO. CR21-180 RAJ<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Nicholas W Brown, United States Attorney for the Western District of Washington, and Cecelia Y. Gregson, Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case.

Defendant, twenty-one-year-old Daniel Lemay Rice, is before the Court for sentencing following his plea of guilty to Unlawful Possession of a Destructive Device, in violation of 26 U.S.C. § 5861(d), § 5845(a)(8). Sentencing is scheduled for July 1, 2022, at 1:35 p.m.

For the reasons that follow, the Court should sentence the defendant to seven months of imprisonment followed by a three year term of supervised release, and a $100 special assessments. Restitution requests are outstanding at the time of filing and will be addressed with specificity at sentencing.

//

GOVERNMENT'S SENTENCING MEMORANDUM - 1
U.S. v. Daniel Lemay Rice / CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

I.  FACTUAL BACKGROUND

On September 30, 2020, at approximately 4:00 a.m., Daniel Lemay Rice and his brother, Taylor Lemay Rice, lit and threw four homemade Molotov cocktails, at Black Coffee Northwest, a coffee shop located in Shoreline, Washington. The attack was captured on video surveillance operated by a nearby church, which shared the building and parking lot with the coffee shop. *See Figures* 1-2 below.



*Figure 1*



*Figure 2*

The four Molotov cocktails struck the exterior damage to the building and foliage surrounding the impacted areas. *See Figure 1* below.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*U.S. v. Daniel Lemay Rice /* CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970



*Figure 1*

The brothers' motive for throwing the Molotov cocktails was related to an incident in which Taylor Lemay Rice's vehicle was previously towed from the parking lot shared by the coffee shop and his ex-girlfriend's sister's residence, which was a mobile home located immediately south of the coffee shop. The renters of the trailer paid for use of certain parking spots in the shared lot. On a previous occasion, the brothers had visited the trailer and parked in one of the spots. Their car was later towed, and they believed the management or employees of the coffee shop were responsible. According to Taylor Lemay Rice, the tow cost approximately $300 which was paid for by the friend renting the trailer, causing her financial difficulty.

A couple months after the car was towed, the brothers were drinking together when they came up with the idea of attacking the coffee shop. When asked who came up with the idea, the defendant stated the decision was mutual. The brothers then made Molotov cocktail devices using bottles collected from home and gasoline from the car and drove to the coffee

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*U.S. v. Daniel Lemay Rice /* CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

shop in Taylor Lemay Rice's car. They each threw one to two Molotov cocktails at the coffee shop and drove away after seeing a small fire.

When asked if he had known if anyone was inside, the defendant indicated he did not think anyone was inside. When asked if he knew, the defendant said, "I couldn't have known." The defendant described the night as "blurry" because both he and his brother were intoxicated. The defendant later said he thought the building would "burn" and the "would look bad" but he did not think they would burn the building down.

The defendant and his brother acknowledged that they threw the Molotov cocktails at the building in retribution against the former owner of the business, whom they believed still owned the business. Unbeknownst to the brothers, the coffee shop had been sold and belonged to new owners. This offense was initially investigated as a hate crime, but investigators determined that it was not racially motivated. PSR ¶¶ 8-13.

On October 27, 2021, the defendant and his brother were charged in a one count Indictment with Unlawful Possession of a Destructive Device. Dkt. 1. On April 1, 2022, the defendant plead guilty as charged. Dkt. 46.

## II.  GUIDELINES CALCULATIONS

The government concurs with the U.S. Probation Office calculation of the offense level:

| | | |
|---|---|---|
| Base Offense Level | 18 | USSG § 2K2.1 |
| Molotov cocktail | +2 | USSG § 2K2.1(b)(3)(B) |
| In connection with felony offense | +4 | USSG § 2K2.1(b)(6)(B) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1(a), (b) |
| **Total** | **21** | |

The defendant accepted responsibility for the offense and pursuant to USSG § 3E1.1(a) the offense level should be decreased by 3-levels. The defendant has a Criminal History Category of I resulting in a guideline imprisonment range of 37-46 months imprisonment.

//

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*U.S. v. Daniel Lemay Rice /* CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.   SENTENCING RECOMMENDATION

Considering the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court impose a sentence of seven months imprisonment. The government is seeking a three-year supervised release to follow and a special assessment of $100.

### A.   Term of Imprisonment

#### 1.   The Nature and Circumstances of the Offense

Driven by retaliation for a purportedly baseless car tow, the defendant and his brother recklessly threw Molotov cocktails at a business. Fortunately, no one was injured and the damage inflicted was relatively minimal. Unfortunately for the defendants, law enforcement worked tirelessly to piece together their movements on the night in question and obtained overwhelming evidence of guilt. In doing so, it became apparent that the defendants' juvenile decision to toss Molotov cocktails at a coffee shop was born of no motivation other than revenge.

A sentence of seven months imprisonment provides a reasonable punishment for the defendant's misconduct and takes into consideration his expeditious taking of responsibility and willingness to make restitution.

#### 2.   The History and Characteristics of the Defendant

Due to the sensitive nature of the defendant's history and characteristics, the government will not address specific information in its sentencing memorandum. Rather, the government will address the Court at the time of sentencing concerning the defendant's personal history and characteristics. Needless to say, these factors weighed heavily on the government when considering an appropriate and just sentencing recommendation.

#### 3.   Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct and Avoiding Unwarranted Sentencing Disparity

Sentencing the defendant to seven months of imprisonment and three years supervision is warranted based upon the facts of this case and with particularly thoughtful

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*U.S. v. Daniel Lemay Rice /* CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

consideration given to the defendant's extreme youth, history, personal characteristics, and prompt acceptance of responsibility.

**B.     Waiver of Appeal**

As part of the plea agreement, the defendant has waived his right to appeal the sentence imposed in this case if the sentence does not exceed the applicable Guidelines range determined by the Court at the time of sentencing.  If the Court imposes a sentence within this applicable Guidelines range or less, the government respectfully requests that the Court notify Defendant, pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), that he has waived his appeal rights except as to the effectiveness of legal representation.  Otherwise, the government requests that the Court notify Defendant of his right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

## IV.     CONCLUSION

The government therefore respectfully recommends the Court impose a sentence of seven months of imprisonment and three years supervision upon release.  This sentence takes into consideration the mitigating factors associated with the defendant's misconduct, his acceptance of responsibility, and the need for the sentence to provide just punishment and promote respect for the law.

DATED this 27th day of June, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Cecelia Y. Gregson*
CECELIA Y. GREGSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Fax:  (206) 553-0755

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*U.S. v. Daniel Lemay Rice /* CR21-180 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970